UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROMARIO BURTON,                                            CASE NO.:

    Plaintiff,

v.

CARDINAL HEALTH 200, LLC
D/B/A CARDINAL HEALTH,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, ROMARIO BURTON ("Mr. Burton" or "Plaintiff"), files this complaint against Defendant, CARDINAL HEALTH 200, LLC, D/B/A CARDINAL HEALTH ("CH" or "Defendant"), and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*. ("ADA"), Title VII of the Civil Rights Act ("Title VII"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, punitive damages, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's ADA/Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as Plaintiff's ADA claims.

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Broward County, Florida.

4. Defendant is a foreign corporation that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff worked for Defendant in Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

6. Plaintiff is a disabled black male. At all times material, Plaintiff was protected during his employment with Defendant by Title VII, ADA , and the FCRA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

   b. Plaintiff suffered discrimination and harassment because of his race/color by Defendant

   c. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability," and his race/color.

7. Defendant was at all times an "employer" as envisioned by the ADA, Title VII, and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

8. On or around January 24, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

9. More than 180 days have passed since the filing of the Charge of Discrimination.

10. On or around September 22, 2025, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

11. Plaintiff timely files this action within the applicable period of limitations against Defendant.

12. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

13. Mr. Burton worked for CH as a Warehouse Associate, from May 22, 2203, until his termination on May 7, 2024.

14. During his many years with CH, Mr. Burton was an excellent employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

15. Unfortunately, as CH was aware, Mr. Burton suffered debilitating flareups of ongoing disabilities and serious health conditions related to Irritable Bowel Syndrome ("IBS").

16. This condition when flared makes it difficult for Mr. Burton to use the bathroom and causes bloating and extreme abdominal pain for periods of time.

17. While experiencing such symptoms of Mr. Burton's medical condition, his ability to perform major life activities are affected as he cannot walk for long periods of time, instead has to sit and wait for the bloating and extreme pain to subside.

18. During his tenure, Mr. Burton suffered discrimination at the hands of the CH Supervisors, Oscar Denis ("Mr. Denis") and Payton Pickering ("Mr. Pickering").

19. Whenever Mr. Burton suffered a flare up of his condition, he would notify his supervisor, Mr. Denis, and CH Operations Manager, Cherrod Williams ("Mr. Williams") that he was in severe and uncomfortable pain and needed to take a break.

20. On approximately March 25, 2024, when Mr. Burton was experiencing one of his IBS flare ups, he let Mr. Denis know that he in excruciating pain and discomfort however Mr. Denis ignored his notification and said nothing.

21. Around 8:15PM, Mr. Burton clocked out for his lunch break and in an attempt to alleviate the pain and discomfort, he tried to eat and take a nap.

22. Unfortunately, this efforts were futile and Mr. Burton was still suffering from the symptoms of his IBS condition and instead tried to just sit in the breakroom.

23. Not long after Mr. Burton tried sitting in the breakroom, a colleague aware of Mr. Burtons medical situation, came in and suggested that he go home.

24. Mr. Burton explained that he lacked "sick time" and did not want to jeopardize his employment to treat his medical condition and would just try to finish his shift that day.

25. A few days later, Mr. Pickering and Mr. Denis approached Mr. Burton and stated that they needed to have a conversation about his "gap time" from March 25.

26. "Gap time" is time that the CH system does not register an employee as working on the floor.

27. Mr. Denis and Mr. Pickering stated that Mr. Burton was using "gap time" despite knowing that Mr. Burton was suffering from medical issues that day.

28. Furthermore, this would have been Mr. Burton's first "gap time" violation.

29. CH's policy states that a corrective action isn't taken until an employees second "gap time" violation.

30. In approximately April of 2024, Mr. Burton was assisting Mr. Pickering with filling orders.

31. In order to make the process more efficient, Mr. Burton began to move the older orders to the top of the list, so they could be completed first.

32. Mr. Pickering then viciously stated to Mr. Burton "Take another batch and see what happens nigga!".

33. Mr. Burton was taken aback to have heard such a vile and offensive term come from his supervisor.

34. Mr. Burton was highly offended but awkwardly laughed off the statement and walked away so as to not cause issues.

35. In the following weeks, CH's rampage towards Mr. Burton for suffering from disabilities, for being black continued to develop.

36. On approximately April 8, 2024, Mr. Burton was once again approached by Mr. Denis, who stated that Mr. Burton had to write a "summary" about why he had a high gap time on March 25, 2024.

37. Mr. Burton, though he had already explained to Mr. Denis that he had been suffering from his on going medical condition of IBS that day, quickly complied and sent the letter, however, it was too late.

38. Shortly thereafter, on May 7, 2024, Mr. Burton was terminated from his employment.

39. CH alleged that it was due to "gap time" that occurred on three separate dates, though Mr. Burton had no previously been warned nor asked to write a summary regarding these other dates.

40. Other similarly situated employees who were not black or disabled or suffered serious health conditions did not receive similar write ups as Mr. Burton.

41. Ms. Bened treated Mr. Burton differently for suffering from disabilities and for being black.

42. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

43. Plaintiff's termination was for pretextual and discriminatory reasons based on Plaintiff's race/color, disabilities, and for engaging in protected activity under Title VII, ADA, the FCRA.

44. Mr. Burton' requests for reasonable accommodation/leave are both considered "protected activity," under the the ADA, and the FCRA.

45. It is clear that Mr. Burton' termination was a result of CH's retaliation based on Mr. Burton' requests for accommodation for his disabilities, Mr. Burton' disabling, serious health conditions, and his race/color.

46. CH's adverse employment action recounted herein was taken in interference with, and retaliation for, Mr. Burton disclosing his serious health conditions.

47. Defendant also discriminated against Mr. Burton due to his disability and race/color.

48. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship.

49. Mr. Burton is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job.

50. Allowing Mr. Burton to have a break to sit or leave early while experiencing painful symptoms of his IBS without penalty or negative repercussions, such as termination and/or disciplinary actions, would have been a reasonable accommodation.

51. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

52. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

53. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

54. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

55. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

56. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

57. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

58. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

59. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability," and his race/color.

60. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties.

61. Plaintiff was treated in a disparate manner from his non-black, non-disabled counterparts.

62. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

63. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

64. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent his in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 9, 35-63, and 65 above.

66. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

67. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

68. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

69. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

70. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

72. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 9, 35-63, and 65 above.

73. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

74. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

75. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

78. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 9, 35-63, and 65 above.

80. Plaintiff was terminated within close temporal proximity of his requests for reasonable accommodations based on his disability.

81. Plaintiff's requests constituted protected activity under the ADA.

82. Plaintiff was terminated as a direct result of his requests for reasonable accommodations and objections to discrimination.

83. Plaintiff's requests for accommodations, his objections towards discrimination, and his termination, are causally related.

84. Defendant's stated reasons for Plaintiff's termination are a pretext.

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

88. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

89. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 9, 35-63, and 65 above.

90. Plaintiff was terminated within close temporal proximity of his requests for reasonable accommodations based on his disability.

91. Plaintiff's requests constituted protected activity under the FCRA.

92. Plaintiff was terminated as a direct result of his requests for reasonable accommodations and objections to discrimination.

93. Plaintiff's requests for accommodations, his objections towards discrimination, and his termination, are causally related.

94. Defendant's stated reasons for Plaintiff's termination are a pretext.

95. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

97. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

98. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V:  DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RACE/COLOR

99. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14, 18, 25-26, 28-36, 38-43, 45, 47, 59-62 and 64 above.

100. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on race/color under Title VII.

101. The discrimination/disparate treatment/hostile work environment to which Plaintiff was subjected was based on his race/color.

102. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

103. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

104. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

105. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

106. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

107. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.\

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional

distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT VI: DISCRIMINATION IN VIOLATION OF THE FCRA BASED ON RACE/COLOR

108. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14, 18, 25-26, 28-36, 38-43, 45, 47, 59-62 and 64 above.

109. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on race/color under the FCRA.

110. The discrimination/disparate treatment/hostile work environment to which Plaintiff was subjected was based on his race/color.

111. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

112. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

113. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

114. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

115. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

116. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VII: RETALIATION
## IN VIOLATION OF TITLE VII BASED ON RACE/COLOR

117. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14, 18, 25-26, 28-36, 38-43, 45, 47, 59-62 and 64 above.

118. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

119. The retaliation to which Plaintiff was subjected was based on his race/color.

120. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

121. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

122. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

123. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT VIII: RETALIATION IN VIOLATION OF THE FCRA BASED ON RACE/COLOR

124. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14, 18, 25-26, 28-36, 38-43, 45, 47, 59-62 and 64 above.

125. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against retaliation under the FCRA, Chapter 760, Florida Statutes.

126. The retaliation to which Plaintiff was subjected was based on his race/color and his objections to unlawful discrimination.

127. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

128. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

129. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Florida Statutes.

130. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 19th day of December, 2025.

Respectfully Submitted,

*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Attorneys for Plaintiff*