**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-62637-RS**

ROMARIO BURTON

    Plaintiff,
vs.

CARDINAL HEALTH 200, LLC
D/B/A CARDINAL HEALTH,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND STATEMENT OF**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH. ("Defendant"), by and through its undersigned counsel, files its Answer and Statement of Affirmative Defenses to the Complaint [ECF No. 1] (the "Complaint") filed by Plaintiff, Romario Burton ("Plaintiff"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits that Plaintiff filed this action alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, ("ADA"); Title VII of the Civil Rights Act ("Title VII"); and Chapter 760 of the Florida Civil Rights Act ("FCRA"), but denies that Defendant violated any federal, state, or local law, and further denies that Plaintiff is entitled to any damages or other relief in this action.

2. Defendant neither admits nor denies the allegations contained in Paragraph 2 of the Complaint as they call for a legal conclusion to which no response is required. To the extent the

allegation requires a response, Defendant admits that this Court has jurisdiction over Plaintiff's claims but denies that Plaintiff is entitled to any relief or damages in this action.

3. Defendant avers that its employment records for Plaintiff indicate he resided in Broward County, Florida during his employment with Defendant.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant avers that its employment records for Plaintiff indicate that Plaintiff is a black male however, Defendant neither admits nor denies the allegations contained in Paragraph 6 of the Complaint as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff is a former employee of Defendant, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant neither admits nor denies the allegations contained in Paragraph 7 of the Complaint as they call for a legal conclusion to which no response is required. To the extent the allegation requires a response, Defendant admits that this Court has jurisdiction over Plaintiff's claims but denies that Plaintiff is entitled to any relief or damages in this action.

## CONDITIONS PRECEDENT

8. In response to the allegations contained in Paragraph 8 of the Complaint, Defendant admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

9. In response to the allegations contained in Paragraph 9 of the Complaint, Defendant admits that more than one hundred eighty (180) days have elapsed since Plaintiff filed his charge of discrimination.

10. In response to the allegations contained in Paragraph 10 of the Complaint, Defendant admits a Notice of Right to Sue, dated September 22, 2025, relating to Plaintiff's charge of discrimination, was issued by the EEOC.

11. Defendant admits the Complaint was filed within ninety (90) days of the date on the Notice of Right to Sue but otherwise denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12 of the Complaint, and therefore, denies same.

## FACTUAL ALLEGATIONS

13. Defendant admits that Plaintiff was employed at Defendant as an Associate II, Warehouse Operations and Plaintiff was terminated on May 7, 2024. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16 of the Complaint, and therefore, denies same.

17. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17 of the Complaint, and therefore, denies same.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 21 of the Complaint, and therefore, denies same.

22. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 22 of the Complaint, and therefore, denies same.

23. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 23 of the Complaint, and therefore, denies same.

24. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 24 of the Complaint, and therefore, denies same.

25. Defendant is without sufficient knowledge or information to form a belief as to the specific allegations contained in Paragraph 25 of the Complaint, and therefore, denies same.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 28 of the Complaint due to the vague and ambiguous use of the word "this," and therefore denies the same.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 30 of the Complaint, and therefore, denies same.

31. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 31 of the Complaint, and therefore, denies same.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 33 of the Complaint, and therefore, denies same.

34. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 34 of the Complaint, and therefore, denies same.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 36 of the Complaint, and therefore, denies same.

37. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 37 of the Complaint, and therefore, denies same.

38. Defendant admits Plaintiff was terminated on May 7, 2024, but denies the remaining allegations contained in Paragraph 38 of the Complaint as pled.

39. Defendant denies all the allegations contained in Paragraph 39 except the allegation that Plaintiff was fired due to "gap time."

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant neither admits nor denies the allegations contained in Paragraph 44 of the Complaint as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant neither admits nor denies the allegations contained in Paragraph 48 of the Complaint as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant neither admits nor denies the allegations contained in Paragraph 50 of the Complaint as they call for a legal conclusion to which no response is required. To the extent the allegation requires a response, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 50 of the Complaint, and therefore, denies same.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies that the Defendant treated the Plaintiff as though the Plaintiff had a disability. Defendant is without sufficient knowledge or information to form a belief as to the remainder of the allegations contained in Paragraph 56 of the Complaint, and therefore denies same.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant admits that Plaintiff has retained counsel to prosecute this action but denies that Defendant violated any federal, state, or local law, and denies that Plaintiff is entitled to any damages or other relief in this action.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

65. Defendant repeats and reasserts its responses to Paragraphs 1-29, 35-63, and 65 of the Complaint as though fully set forth herein.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 71 of the Complaint, Defendant denies that Plaintiff is entitled to judgment or any of the relief or alleged damages requested therein.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

72. Defendant repeats and reasserts its responses to Paragraphs 1-29, 35-63, and 65 of the Complaint as though fully set forth herein.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 78 of the Complaint, Defendant denies that Plaintiff is entitled to judgment or any of the relief or alleged damages requested therein.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

79. Defendant repeats and reasserts its responses to Paragraphs 1-29, 35-63, and 65 of the Complaint as though fully set forth herein.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 88 of the Complaint, Defendant denies that Plaintiff is entitled to judgment or any of the relief or alleged damages requested therein.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

89. Defendant repeats and reasserts its responses to Paragraphs 1-29, 35-63, and 65 of the Complaint as though fully set forth herein.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 98 of the Complaint, Defendant denies that Plaintiff is entitled to judgment or any of the relief or alleged damages requested therein.

## COUNT V
## DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RACE/COLOR

99. Defendant repeats and reasserts its responses to Paragraphs 1-14, 18, 25-26, 28-36, 38-43, 45, 47, 59-62, and 64 of the Complaint as though fully set forth herein.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 107 of the Complaint, Defendant denies that Plaintiff is entitled to judgment or any of the relief or alleged damages requested therein.

## COUNT VI
## DISCRIMINATION IN VIOLATION OF FCRA BASED ON RACE/COLOR

108. Defendant repeats and reasserts its responses to Paragraphs 1-14, 18, 25-26, 28-36, 38-43, 45, 47, 59-62, and 64 of the Complaint as though fully set forth herein.

109. Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111. Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113. Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115. Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 116 of the Complaint, Defendant denies that Plaintiff is entitled to judgment or any of the relief or alleged damages requested therein.

## COUNT VII
## RETALIATION IN VIOLATION OF TITLE VII BASED ON RACE/COLOR

117. Defendant repeats and reasserts its responses to Paragraphs 1-14, 18, 25-26, 28-36, 38-43, 45, 47, 59-62, and 64 of the Complaint as though fully set forth herein.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120. Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122. Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123. Defendant denies the allegations contained in Paragraph 123 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 123 of the Complaint, Defendant denies that Plaintiff is entitled to judgment or any of the relief or alleged damages requested therein.

## COUNT VIII
## RETALIATION IN VIOLATION OF FCRA BASED ON RACE/COLOR

124. Defendant repeats and reasserts its responses to Paragraphs 1-14, 18, 25-26, 28-36, 38-43, 45, 47, 59-62, and 64 of the Complaint as though fully set forth herein.

125. Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126. Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127. Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128. Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129. Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130. Defendant denies the allegations contained in Paragraph 130 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 130 of the Complaint, Defendant denies that Plaintiff is entitled to judgment or any of the relief or alleged damages requested therein.

## DEMAND FOR JURY TRIAL

Defendant avers Plaintiff has demanded a jury trial on all issues so triable but denies that there are any issues to be tried before a jury.

## GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this pleading.

## STATEMENT OF AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, Defendant, without conceding that it has the burden of proof subject to applicable law, alleges the following:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendant to the extent Plaintiff failed to allege each element of his claims or failed to provide legally sufficient factual details to support his conclusory allegations. Specifically, Plaintiff failed to state sufficient facts to show that 1) he suffered from a disability; 2) he requested reasonable accommodation; 3) after disclosing the disability, he was denied the requested reasonable accommodation and 4) he was terminated because of his disability.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to exhaust all administrative prerequisites and/or satisfy all conditions precedent to this action.

**CASE NO. 0:25-CV-62637-RS**

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that to the extent Plaintiff has received benefits from collateral sources or other set-offs or recoupments, Plaintiff's claims should be diminished accordingly.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his damages, and any award of back pay or front pay should be limited, in whole or in part. Plaintiff's interim earnings or amounts he could have earned with reasonable diligence should reduce any back pay otherwise recoverable by him. In addition, such sums may also set-off and reduce other claims for damages alleged by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Defendant discovers evidence of misconduct or wrongdoing by Plaintiff, Defendant hereby invokes the after-acquired evidence rule to limit Plaintiff's damages.

### SEVENTH AFFIRMATIVE DEFENSE

Any adverse personnel action taken with respect to Plaintiff was taken for legitimate, non-discriminatory and non-retaliatory reasons, and was predicated upon a ground other than: Plaintiff's alleged disability; exercise or attempt to exercise any rights protected by the ADA, or FCRA. In this regard, Plaintiff failed to meet performance expectations for which Defendant was entitled to discipline Plaintiff, including termination of Plaintiff. Plaintiff is not relieved of complying with Defendant's policies and procedures simply because Plaintiff allegedly has a disability.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred on the grounds that, even if any decisions concerning Plaintiff were based in part on Plaintiff's alleged protected characteristic, conduct or exercise of protected rights, which they were not, Defendant would have reached the same decisions with respect to Plaintiff's employment absent any consideration of Plaintiff's alleged protected characteristic, conduct or exercise of protected rights.

**NINTH AFFIRMATIVE DEFENSE**

To the extent the mixed-motive standard might remain applicable to any claims, Plaintiff's claims should be dismissed and/or his damages should be limited on the grounds that even if any decision concerning Plaintiff was based, in part, on any impermissible motive, the same decision would have been reached absent consideration of any impermissible motive. Defendant asserts that all employment-related decisions made with respect to Plaintiff were made for legitimate, non-discriminatory and non-retaliatory reasons.

**TENTH AFFIRMATIVE DEFENSE**

Defendant has made good-faith efforts to prevent discrimination in the workplace including, among other things, implementing policies regarding the same, and thus cannot be liable for the decisions of any of its agents, if the alleged conduct was contrary to efforts to comply with the anti-discrimination and anti-retaliation provisions of the ADA, Title VII, and the FCRA.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's discrimination and retaliation claims and/or his recovery of damages is/are barred based on a good-faith extension of the principles set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to

take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff is not entitled to punitive damages against Defendant and that punitive damages are barred as Plaintiff has made no reasonable showing which would provide a reasonable basis for the recovery of such damages. Further, Plaintiff has no right to recover punitive damages in this action against Defendant because Defendant did not intentionally engage in any discriminatory or retaliatory practices against Plaintiff with malice or with reckless indifference to Plaintiff's protected federal or state rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he was an at-will employee.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant denies any liability to Plaintiff. In the event, however, that Plaintiff prevails on his claims, such claims are subject to a two-year statute of limitations, because Defendant did not know or act with reckless disregard for its obligations under applicable law and therefore, any alleged violation was not willful.

### RESERVATION

Defendant reserves the right to raise additional affirmative defenses as discovery progresses, and the interests of justice require.

WHEREFORE, having answered the Complaint and having raised affirmative defenses thereto, Defendant respectfully requests that the Court: (a) dismiss with prejudice the Complaint in its entirety; (b) award Defendant its costs, disbursements, and attorneys' fees; and (c) award Defendant such other and further relief as this Court may deem just and appropriate.

| | |
|---|---|
| Dated: February 3, 2026 | Respectfully submitted, |
| | By: *s/ Jennifer M. Taylor* <br> Jennifer M. Taylor, Esq. <br> Florida Bar No. 174203 <br> Email: *jennifer.taylor@jacksonlewis.com* <br> Jose R. Lopez-Varela, Esq. <br> Florida Bar No. 1038745 <br> Email: *jose.lopez-varela@jacksonlewis.com* <br> JACKSON LEWIS P.C. <br> 1 SE 3rd Avenue <br> Suite 2300 <br> Miami, Florida 33131 <br> Telephone: (305) 577-7600 |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of February 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *s/ Jennifer M. Taylor*
  Jennifer M. Taylor, Esq.

**CASE NO. 0:25-CV-62637-RS**

**SERVICE LIST**

Noah E. Storch, Esq.
Florida Bar No. 85476
Email: *noah@floridaovertimelawyer.com*
Tanner Borges
Florida Bar No. 1035473
Email: *tanner@floridaovertimelawyer.com*
RICHARD CELLAR LEGAL, P.A.
7951 SW 6th ST
Suite 316
Plantation, FL 33324
Telephone: (866) 344-9253

*Counsel for Plaintiff*

Jennifer M. Taylor, Esq.
Florida Bar No. 174203
Email: *jennifer.taylor@jacksonlewis.com*
Jose R. Lopez-Varela, Esq.
Florida Bar No. 1038745
Email: *jose.lopez-varela@jacksonlewis.com*
JACKSON LEWIS P.C.
1 SE 3rd Avenue
Suite 2300
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*